IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | : | |
|---|---|---|
| MARTIN WHEELER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| District Attorney JOSEPH K. MULHOLLAND and Public Defender BILLY M. GRANTHAM, | : : : | NO. 1:13-CV-143 (WLS) |
| | : | |
| Defendants | : | |
| | : | **O R D E R** |

Plaintiff **MARTIN WHEELER**, an inmate at Johnson State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has also filed a motion to proceed *in forma pauperis* (Doc. 2). Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v.***

1

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See***

*also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

The present case arises out of Plaintiff's 2007 criminal prosecution. He names District Attorney Joseph K. Mulholland and public defender Billy M. Grantham as Defendants. According to Plaintiff, Mulholland ignored evidence that "clearly show[ed Plaintiff's] innocence." Plaintiff generally alleges that Mulholland entered into a conspiracy with Grantham to violate Plaintiff's constitutional rights.

## III. DISCUSSION

Even construed liberally in Plaintiff's favor, his allegations fail to state a colorable claim against the Defendants under section 1983. 1  Regarding Defendant Mulholland, criminal prosecutors are absolutely immune from liability under section 1983 when engaged in prosecutorial functions – i.e., those actions that are "intimately associated with the judicial phase of the criminal process." ***Imbler v. Pachtman***, 424 U.S. 409, 428 (1976). For example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions." ***Hart v. Hodges***, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks and citation omitted).

---

1 Because Plaintiff complains about past, non-continuing alleged violations, he presumably seeks only damages. The only "relief" Plaintiff expressly requests, however, are for a jury trial and for an injunction "to protect the due process and equal protection rights of Plaintiff." Although not entirely clear, the "injunctive relief" requested by Plaintiff is only that this Court hear his case expeditiously due to his advanced age.

As to Defendant Grantham, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a state criminal proceeding." ***Polk County v. Dodson***, 454 U.S. 312, 325 (1981). An attorney may be sued under section 1983, however, if he conspired with someone who did act under color of state law. ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985).

In the present case, Plaintiff generally alleges such a conspiracy between Grantham and Mulholland. Plaintiff alleges no facts however, suggesting the existence of a conspiracy between Grantham and Mulholland. A defendant must be informed of the nature of any alleged conspiracy. It is insufficient for a plaintiff conclusorily to allege that a conspiracy existed. ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984). Thus, Plaintiff has not alleged a valid conspiracy claim against Grantham.

Moreover, Georgia's two-year statute of limitations and the Supreme Court's opinion in ***Heck v. Humphrey***, 512 U.S. 477 (1994), would appear to bar Plaintiff's claims.

## IV. CONCLUSION

Based on the foregoing, this action is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**, this   3rd   day of September, 2013.

/s/ W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE